```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


U.S. COMMODITY FUTURES         :    CIVIL ACTION
TRADING COMMISSION             :
                               :
           v.                  :
                               :
WARD ONSA, et al.              :    NO. 11-2367
```

ORDER

AND NOW, this 20th day of March, 2014, upon consideration of the plaintiff's Motion for a Final Judgment Order Resolving All Outstanding Issues Including Imposition of a Civil Monetary Penalty against Defendants Ward Onsa and New Century Investment Management LLC (Doc. No. 27), IT IS HEREBY ORDERED that the motion is GRANTED in accordance with the following.

This action was filed by the U.S. Commodity Futures Trading Commission ("Commission") against defendants Ward Onsa ("Onsa") and New Century Investment Management LLC ("New Century") seeking injunctive and other equitable relief for violations of the Commodity Exchange Act ("the Act"), 7 U.S.C. §§ 1 et seq. (2006), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), to be codified at 7 U.S.C. §§ 1 et seq.

On December 5, 2011, the Court entered an Order granting the Commission's motion for entry of partial default judgment, entered findings of fact and conclusions of law finding Defendants liable as to all violations filed against them in the Complaint and granted the Commission's request for injunctive relief and certain other equitable relief ("December 5th Entry of Judgment by Default Order"). The Court reserved decision on the issues of restitution, disgorgement and civil monetary penalty.

The Commission has now submitted its Motion for a Final Judgment Order Resolving All Outstanding Issues Including Imposition of a Civil Monetary Penalty against Defendants ("Motion for Final Judgment and Civil Monetary Penalty"). After considering the Complaint, the Motion for Final Judgment and Civil Monetary Penalty, the Commission's supplement submission, and other written submissions of the Commission filed with the Court, the Court will grant the motion and issue this Order resolving all outstanding issues including the imposition of civil monetary penalties. All terms and provisions of this Court's December 5th Entry of Judgment by Default Order are incorporated into this Order.

Section 6c(d)(1) of the Commodity Exchange Act (the "Act"), as amended by the Food, Conservation, and Energy Act of

2

2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), 7 U.S.C. § 13a-1(d)(1), provides that "the [CFTC] may seek and the court shall have jurisdiction to impose, on a proper showing, on any person found in the action to have committed any violation [of the Act] a civil penalty in the amount of not more than the greater of $100,000 or triple the monetary gain to the person for each violation[.]"  7 U.S.C. § 13a-1(d)(1).[1]

Based on the deterrent purposes of a civil monetary penalty under the Act, the egregiousness of the defendants' intentional conduct, the length of time over which the defendants engaged in the wrongful trading activity, and their failure to attempt to ameliorate the wrongful conduct, the Court concludes that the Commission's request for a civil monetary penalty of triple the defendants' gain is appropriate.[2]

---

[1] Pursuant to 17 C.F.R. § 143.8, the relevant inflation-adjusted maximum civil monetary penalty for each violation of the Act that occurred on or after October 23, 2008 is $140,000.

[2] In determining the extent of a civil monetary penalty under § 6(c)(d)(1) of the Act, courts and the CFTC have considered the goal of effective deterrence, the relationship of the violation at issue to the regulatory purposes of the Act, the defendant's state of mind, the scope and frequency of the wrongful conduct, the financial consequences of the defendant's conduct, and harm to consumers. See, e.g., CFTC v. Arrington, 2014 WL 314480, at *15 (D. Neb. Jan. 28, 2014) (citing In re Grossfeld, [1996-98 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶

The CFTC has demonstrated that, as a result of the defendants' misrepresentations, twelve (12) pool participants directly deposited their funds totaling $2,237,516.83 with the defendants. Rix Supp. Decl. ¶ 9. A total of $140,695.87 was paid back to those 12 participants by the defendants. Id. The defendants' gains, calculated as funds received minus funds returned, equals $2,096,820.96. Id.

To maintain consistency with the findings in the parallel criminal proceeding involving Onsa, the CFTC requests that the defendants' gain be based on the restitution ordered to be paid to the pool participants who were involved in the criminal action, which is slightly less than the gain calculated above.[3] The Court finds the Commission's request to be appropriate, and will therefore impose a civil monetary penalty in the amount triple the defendants' gain, or $5.7 million.

Onsa was a founding member and sole portfolio manager of New Century. He made all investment decisions, solicited

---

26,921 at 44,467-8 (CFTC Dec. 10, 1996) aff'd, 137 F.3d 1300 (11th Cir. 1998)); CFTC v. Emerald Worldwide Holdings, Inc., 2005 WL 1130588, at *11 (C.D. Ca. Apr. 19, 2005) (quoting In re GNP Commodities, Inc., [1990-92 Transfer Binder] Comm. Fut. L. Rep. (CCH) ¶ 25,360 at 39,222 (CFTC 1992) (citations omitted)).

[3] In the criminal action, the court ordered Onsa to pay restitution to 11 of the 12 pool participants who are included in this action. The total restitution ordered for those participants was $1,964,835.24, which the Commission has rounded down to $1.9 million for the purpose of the civil penalty. See Rix Decl. ¶ 9, Exh. C.

prospective investors, and distributed false statements to pool participants.  The defendants are therefore jointly and severally liable for payment of the civil penalty.[4]

IT IS THEREFORE ORDERED that, as of the date of entry of this Order, Defendants shall jointly and severally pay a civil monetary penalty in the amount of five million seven hundred thousand dollars ($5,700,000) plus post-judgment interest (the "CMP Obligation").  Post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Order pursuant to 28 U.S.C. § 1961.

All payments made by Onsa pursuant to this Order shall be applied first to satisfy Onsa's criminal restitution obligation of $3,135,132.22 ordered by the Court in U.S. v. Ward Onsa, Docket No. 10-CR-730 (DLI), United States District Court for the Eastern District of New York, and, upon satisfaction of such obligation, shall thereafter be applied to satisfy this CMP Obligation.

---

[4] See, e.g., Arrington, 2014 WL 314480, at *15; CFTC v. Growth Capital Mgmt. LLC, 2012 WL 3195140, at *3 n.3 (N.D. Tex. Jun. 26, 2012); CFTC v. Capitalstreet Fin., LLC, 2012 WL 79758, at 15 (W.D.N.C. Jan. 11, 2012).

Defendants shall pay this CMP Obligation by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made by other than electronic funds transfer, Defendants shall make the payment payable to the U.S. Commodity Futures Trading Commission and send to the following address:

> Commodity Futures Trading Commission
> Division of Enforcement
> Attention: Accounts Receivables – AMZ-340
> E-mail Box: 9-AMC-AMZ-AR-CFTC
> DOT/FAA/MMAC
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169
> Telephone: 405-954-5644

If the payment is to be made by electronic funds transfer, Defendants shall contact Linda Zurhorst or her successor at the above address to receive payment instructions and shall fully comply with those instructions.  Defendants shall accompany the payment of the CMP Obligation with a cover letter that identifies Defendants and the name and docket number of this proceeding.  Defendants shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, at Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

The equitable relief provisions of this Order shall be binding upon Defendants and any person who is acting in the capacity of officer, agent, servant, employee, or attorney of Defendants, and any person acting in active concert or participation with Defendants who receives actual notice of this Order by personal service or otherwise.

Any acceptance by the Commission of partial payment of Defendants' CMP Obligation shall not be deemed a waiver of their obligation to make further payments pursuant to this Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

IT IS FURTHER ORDERED that copies of this Order shall be served and all notices required to be given by any provision in this Order shall be sent certified mail, return receipt requested, as follows:

> Director, Division of Enforcement
> Commodity Futures Trading Commission
> Three Lafayette Centre, 1155 21st Street, N.W.
> Washington, D.C. 20581;
>
> Chief, Office of Cooperative Enforcement, Division of Enforcement
> Commodity Futures Trading Commission
> Three Lafayette Centre, 1155 21st Street, N.W.
> Washington, D.C. 20581;
>
> Regional Counsel, Division of Enforcement
> Commodity Futures Trading Commission
> 140 Broadway, 19th Floor
> New York, NY 10005.

        Carlos Martir, Esq.
        Martir & Associates
        118 North State Street
        Newtown, PA 18940

All such notices shall reference the name and docket number of this action.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this case to assure compliance with this Order and for all other purposes related to this action.

                        BY THE COURT:


                        <u>/s/ Mary A. McLaughlin</u>
                        MARY A. McLAUGHLIN, J.